UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM T. DAWSON, JR.,

    **Plaintiff,**

  v.                                      Civil Action 2:24-cv-2175
                                                  Judge Michael H. Watson
                                                  Magistrate Judge Chelsey M. Vascura

JUDGE EDMUND A. SARGUS, JR., *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, William T. Dawson, Jr., an Ohio inmate who is proceeding without the assistance of counsel, brings this action for violation of his federal constitutional rights under 42 U.S.C. § 1983 and for state-law defamation against sixty-one judges, prosecutors, parole board members, municipal officials, other individuals. On June 3, 2024, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis*, but noted that Plaintiff's Complaint contains misjoined claims that advance unrelated allegations against numerous Defendants based on unrelated events that occurred at different times. The undersigned therefore ordered Plaintiff to file an amended complaint that complies with Federal Rule of Civil Procedure 20 within fourteen days. (ECF No. 5.) The June 3 Order further advised Plaintiff that if he failed to timely comply with the Order, the undersigned would conduct an initial screen under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) of Plaintiff's defamation claims against the Durkin family members and sever and dismiss without prejudice his remaining claims. (*Id.*) Although Plaintiff filed a

motion for the undersigned to recuse herself on June 7, 2024 (ECF No. 6), Plaintiff has not filed an amended complaint and the time to do so has now expired.

## I. MOTION FOR RECUSAL

The Court first considers Plaintiff's motion for recusal. A district judge or magistrate judge "shall" disqualify himself or herself in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Id.* A judge's opinions are grounds for recusal only where they "derive[ ] from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not meet this high bar. *Id.* at 555–56. Mere disagreement about the Court's ruling in a case is not a ground for disqualification or recusal. *See id.*; *Garver v. United States,* 846 F.2d 1029, 1031 (6th Cir. 1988).

Plaintiff asserts that recusal is necessary because the undersigned did not act to correct a clerical error by another judicial officer that resulted in the (temporary) closure of a previous case initiated by Plaintiff. (Pl.'s Mot. 7–8, ECF No. 6.) But, as explained above, mere disagreement with a judge's rulings is not grounds for recusal. Plaintiff also alleges that the undersigned, as well as every other federal judicial officer in Ohio, is tainted by a conspiracy spearheaded by the Youngstown Police Department to keep Plaintiff in prison indefinitely. (*Id.* at 12–14.) But these allegations are unsupported and conclusory. Accordingly, Plaintiff's motion for recusal (ECF No. 6) is **DENIED**.

## II. INITIAL SCREEN OF PLAINTIFF'S DEFAMATION CLAIM

The Court now turns to the initial screen of Plaintiff's defamation claim under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

### A. Standard Of Review

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See*

*also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

(citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.     Analysis**

Plaintiff was convicted of murdering Youngstown Police Officer Paul Durkin in 1987. Plaintiff's 169-page Complaint begins by recounting in detail the events leading up to his arrest and conviction. (ECF No. 1-1.) Plaintiff maintains that he shot Durkin in self-defense and that he was therefore wrongfully convicted.

Since 2020, Plaintiff has instituted five previous actions related to his conviction among various state and federal courts, all of which were disposed of unfavorably to Plaintiff. Plaintiff believes that every unfavorable judicial, prosecutorial, and parole decision concerning his conviction and parole was made due to bias and conspiracy among the relevant decision-makers, and that judges, attorneys, and defendants involved in his later cases conspired with those involved with his earlier cases to prevent the truth of Plaintiff's innocence from coming out. Plaintiff's current Complaint appears to name every judge, court administrator, attorney, and parole board member involved in each of those five actions, as well as several additional Youngstown municipal officials and family members of Paul Durkin who maintain a memorial web page in his honor.

Plaintiff alleges that on April 26, 2022, Plaintiff's niece sent him a copy of Durkin's memorial web page, which said that "Durkin drove up to a van, parked on the road, and before he could get out of the car, a person in the van got out the van and went to the car and shot

5

Durkin, through the window, as he sat in the car." (Compl. ¶ 291, ECF No. 1-1.) The web page also stated or suggested that Plaintiff was in the van and stealing items from it. (*Id.* at ¶ 297.) Plaintiff alleges that the memorial web page is maintained by the Youngstown Police Department and Defendants Brenna Durkin, Carole Durkin, and Joseph Durkin, as well as an individual identified only as "Darnell." (*Id.* at ¶ 292–93.) Plaintiff further alleges that these Defendants should have known that these statements about Plaintiff's conduct were untrue. (*Id.* at ¶¶ 295–97.) Plaintiff contends that these false statements have hindered his attempts at obtaining parole. (*Id.* at 298.)

The undersigned construes these allegations to advance a claim for defamation under Ohio law. The limitations period for defamation in Ohio is one year. Ohio Rev. Code § 2305.11(A). As Plaintiff learned of the allegedly false statements in April 2022, but did not commence this action until May 2024, his defamation claim is untimely. It is therefore **RECOMMENDED** that Plaintiff's defamation claim against Defendants Brenna Durkin, Carole Durkin, and Joseph Durkin be **DISMISSED**.

## III. DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Recusal (ECF No. 6) is **DENIED**, and all of Plaintiff's claims, with the exception of his defamation claim against Defendants Brenna Durkin, Carole Durkin, and Joseph Durkin, are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to re-filing in separate actions. Plaintiff is **ORDERED** to list 2:24-cv-2175 as a related case if he elects to file additional actions. Finally, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's defamation claim against Defendants Brenna Durkin, Carole Durkin, and Joseph Durkin under §§ 1915(e)(2) and 1915A(b) for failure to state a claim on which relief may be granted.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE