UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William T. Dawson, Jr.,

      Plaintiff,                      Case No. 2:24-cv-2175

      v.                            Judge Michael H. Watson

Judge Edmund A. Sargus, Jr., *et al.*,      Magistrate Judge Vascura

      Defendants.

## OPINION AND ORDER

William T. Dawson, Jr. ("Plaintiff") proceeds pro se in this prisoner civil rights case. His 169-page, handwritten Complaint raises claims against sixty-two Defendants. *See generally*, Compl., ECF No. 4. The Complaint proceeds in narrative fashion, chronicling the myriad lawsuits Plaintiff has filed attempting to obtain release from prison[1] and hold accountable practically everyone involved in his conviction and subsequent unfavorable court proceedings, for what he perceives is a conspiracy to keep him imprisoned for the rest of his life without any possibility of parole. *See generally*, *id*. His myriad lawsuits include direct appeals and post-conviction cases, as well as suits filed in the Franklin County Court of Common Pleas, Ohio Court of Claims, United States District Court for the Southern District of Ohio, and the United States Court of Appeals for the Sixth Circuit. *See id.* Although the Complaint does not separate counts by either

---

[1] Plaintiff was convicted of murdering Youngstown Police Officer Paul Durkin.

defendant or ground for relief, it does refer to: (1) defamation, slander, and libel,

(2) civil conspiracy under 42 U.S.C. § 1983, (3) Federal Rule of Civil Procedure

60(b)(3), and (4) various Constitutional Rights (including the First, Fifth, and

Fourteenth). *See id.* Plaintiff seeks an injunction reinstating several of his prior

lawsuits, damages exceeding a billion dollars, and declarations that various prior

lawyers and judicial officials violated the Constitution. *See id.*

The Magistrate Judge performed the initial screen required under 28

U.S.C. § 1915(e) and § 1915A(b) and granted Plaintiff's motion to proceed in

forma pauperis. Order, ECF No. 5. She also construed

> Plaintiff's Complaint to set forth at least seven unrelated sets of
> claims: (1) state-law claims for defamation against Durkin's family
> members for maintaining a webpage implying that Plaintiff shot Durkin
> in cold blood; (2) claims for violation of his Constitutional rights against
> several parole board members for denying his parole in 2019;
> (3) claims for violation of his Constitutional rights against judicial
> officers, court administrators, and attorneys involved in his 2020
> mandamus action in the Ohio Court of Appeals for the Tenth District;
> (4) claims for violation of his Constitutional rights against judicial
> officers, court administrators, and attorneys involved in his 2020 Ohio
> Court of Claims action; (5) claims for violation of his Constitutional
> rights against judicial officers, court administrators, and attorneys
> involved in his 2021 criminal complaint in the Ohio Supreme Court;
> (6) claims for violation of his Constitutional rights against judicial
> officers, court administrators, and attorneys involved in his 2022 civil
> action in the Court of Common Pleas for Franklin County, Ohio, and
> (7) claims for violation of his Constitutional rights against judicial
> officers, court administrators, and attorneys involved in his 2023 civil
> action in this Court. Plaintiff also names a number of Youngstown,
> Ohio municipal officials as Defendants, although the claims against
> these individuals are unclear.

*Id.* at 3–4. The Magistrate Judge specifically rejected the notion that the

Complaint raised a claim that all sixty-two Defendants conspired against Plaintiff,

in violation of § 1983, finding that "Plaintiff's allegations of conspiracy are wholly conclusory." *Id.* at 5 (citation omitted).

Therefore, after finding that Plaintiff "advance[d] unrelated claims against numerous Defendants based on unrelated events that occurred at different times[,]" the Magistrate Judge concluded that the Complaint violated Federal Rule of Civil Procedure 20's requirements for joinder. *Id.* ("Plaintiff's claims concerning the Durkin family's memorial webpage are unrelated to Plaintiff's claims concerning the parole board's 2019 decision to deny Plaintiff's parole, which are unrelated to the claims against the judicial officers, court administrators, and attorneys involved in each of Plaintiff's five subsequent actions."). She thus ordered Plaintiff to amend his complaint to conform to Rule 20 by choosing one transaction or occurrence to focus on in this case and to sue over any others via different complaints filed in different cases. *Id.* at 5–6.

The Order granted Plaintiff the choice of which transaction or occurrence should be the basis for this lawsuit, but it warned Plaintiff that failure to timely amend would result in the Magistrate Judge screening in this case only Plaintiff's defamation claims against the Durkin family members, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and severing and dismissing without prejudice and under Rule 21 the unrelated claims brought against unrelated parties. *Id.* at 6.

Plaintiff failed to timely amend his Complaint and instead moved for the Magistrate Judge's recusal. Mot. Recuse, ECF No. 6.

The Magistrate Judge then issued an Order and Report and Recommendation ("Order and R&R"). Order and R&R, ECF No. 7. The Order part of that document denied Plaintiff's motion for recusal, and it severed and dismissed all claims without prejudice pursuant to Rule 21, save for Plaintiff's defamation claims against the Durkin family members. The Magistrate Judge concluded that all claims beside the defamation claims were improperly joined under Rule 20. *Id.* The R&R portion of the document recommended dismissing with prejudice the defamation claims as barred by the statute of limitations. *Id.* at 6.

Plaintiff objected to the Order to amend, Mot. Reconsideration, ECF No. 9, and to the Order and R&R, Mot. Reconsideration, ECF No. 10.

## I. STANDARD OF REVIEW

The Court reviews objections to the Order to amend and denial of recusal under Federal Rule of Civil Procedure 72(a) and will modify or set aside the Magistrate Judge's Order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Objections to the R&R are reviewed under Rule 72(b). Pursuant to that rule, the Court reviews timely objections de novo and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.  ANALYSIS

### A.  Order to Amend

The Court turns first to Plaintiff's objection to the Order to amend, which also asks the Court to find the Magistrate Judge in contempt of court.  Although the document was not received until July 3, 2024, the certificate of service indicates it was timely submitted to the prison mail service.  *See* Obj. 2, ECF No. 9.  Accordingly, the Court will consider the objection and motion.

They are nonetheless overruled and denied, respectively, as meritless. Plaintiff argues that the Order to amend is based on an erroneous conclusion that the Complaint fails to adequately allege a single conspiracy and is instead a series of mis-joined, unrelated claims against mis-joined, unrelated parties.  Obj. at 7, ECF No. 9.  He insists that his Complaint adequately alleges that all sixty-two Defendants were part of a single conspiracy such that it states one § 1983 civil conspiracy claim against all Defendants.  *See generally*, Obj., ECF No. 9; *see id.* at 5 (listing paragraphs Plaintiff believes allege the elements of civil conspiracy).

The Magistrate Judge's opposite conclusion is not clearly erroneous or contrary to law because the Complaint does not *properly* allege a single conspiracy between every Defendant.  Although the Complaint alleges that virtually every attorney, judge, Parole Officer, and certain other municipal officials involved in any part of Plaintiff's lengthy litigation history is conspiring with the victim's family to misprision Plaintiff, its allegations are conclusory and not

plausible. Indeed, the Complaint repeatedly states as the only two bases for the claim of conspiracy: (1) Plaintiff's "belief" and (2) that conspiracy can be the only explanation for the multiple adverse decisions that have issued against Plaintiff. *E.g.,* Compl. ¶ 55, 139, 159, 161, 170, 203, 222; *see also* Obj. at 10, ECF No. 9 (arguing the unfavorable disposition of prior cases is circumstantial evidence of a conspiracy). Assertions of conspiracy based only on "belief" or "common sense" are conclusory allegations of the mere possibility of illegal conduct and are insufficient to state a conspiracy claim. *E.g., Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, (6th Cir. 2012) ("Because conclusory allegations of a conspiracy are insufficient, . . . the district court was correct to dismiss Trans Rail's claim on this basis." (citation omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (noting factual allegations must cross "the line between possibility and plausibility" to state a claim).

Moreover, even if the Complaint's allegations of a conspiracy were factually sufficient, the § 1983 civil conspiracy claim would still fail for additional issues including, *inter alia, Heck v. Humphrey*, 512 U.S. 477 (1994), and judicial immunity, *Luna v. Zouhary*, 3:18-cv-1932, 2018 WL 5295875, at *3 (N.D. Ohio Oct. 25, 2018) ("An allegation of conspiracy is insufficient to defeat judicial immunity." (citations omitted)).

Thus, the Magistrate Judge did not clearly err or rule contrary to law when she concluded that the Complaint fails to state a § 1983 civil conspiracy claim against all sixty-two Defendants and that the Complaint's multiple, unrelated

claims against multiple, unrelated parties violated Rule 20 and would support severance under Rule 21.

Next, as the Magistrate Judge's Order to amend was proper, it certainly does not warrant contempt of court.

Accordingly, Plaintiff's objection is overruled, and his motion to hold the Magistrate Judge in contempt is denied.

## B. Order and R&R

In ECF No. 10, Plaintiff objects to the Magistrate Judge's failure to recuse from this case and to her severance and dismissal without prejudice of all claims raised in the Complaint other than the defamation claims against Officer Durkin's family. Obj., ECF No. 10-2. He again moves for an order holding the Magistrate Judge in contempt of court. *Id.*

Plaintiff's objection first argues that the Magistrate Judge ignored two arguments for recusal: (1) she issued a Report and Recommendation in a prior case that is the subject of this lawsuit and (2) she harbors a bias against Plaintiff. Obj., ECF No. 10-2.

Assuming the Court can review a Magistrate Judge's refusal to recuse, the objection is overruled. The Order specifically concluded that Plaintiff's aspersions against the Magistrate Judge as being part of a conspiracy against him are "unsupported and conclusory"; it did not fail to consider that argument. Order and R&R 2, ECF No. 7. Moreover, Magistrate Judge Vascura is not a defendant in this case, and the fact that Plaintiff sues District Judge Sargus for

actions that occurred in a different case after Magistrate Judge Vascura issued a report and recommendation in that case would not lead to the reasonable questioning of her impartiality in this case. *Bickerstaff v. Cuyahoga Cty.*, Case No. 1:18cv1142, 2020 WL 1877780, at *3 (N.D. Ohio Apr. 15, 2020) ("Because the standard is objective, the judge need not recuse him or herself based on the subjective view of a party." (citation omitted)).  Nothing about her failure to recuse is clearly erroneous or contrary to law.

Plaintiff's objection to the severance and dismissal without prejudice is entirely derivative of the Magistrate Judge's failure to recuse.  *See* Obj. at 2, ECF No. 10-2 ("The ORDER, severing the claim(s), . . . , would not of been able to be severed, had Vascura followed the 'law, and recused her-self . . . ." (grammatical errors in original)); *id.* at 5, ECF No. 10-2 ("[T]he severing of the claim(s) is, clearly, erroneous, since it was obtained, by failing to address, all, the claim(s), in the motion, to recuse;' and 'abuse of discretion.'" (grammatical errors in original)). It fails because the Magistrate Judge did not err in refusing to recuse and for the separate reason that severance and dismissal without prejudice would have been proper no matter which magistrate judge was assigned to this case, given the obvious misjoinder issues in the Complaint.  This objection is therefore likewise overruled.

Accordingly, Plaintiff's motion for contempt also fails.

Notably, Plaintiff does not object to the recommendation that the Court dismiss with prejudice Plaintiff's defamation claims against Officer Durkin's family members as barred by the statute of limitations.

### III.   CONCLUSION

Each of Plaintiff's objections is **OVERRULED**, and each of his motions for contempt is **DENIED**.  The R&R is **ADOPTED**, and Plaintiff's defamation claims against Officer Durkin's family are **DISMISSED WITH PREJUDICE**.  The remainder of the claims were already dismissed without prejudice, so the Clerk is **DIRECTED** to terminate this case.  The Court **CERTIFIES** that any appeal would not be taken in good faith.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**